UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JIMMY DARRYL RAMOS,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 1:17-CV-01589<br><br>ORDER ON SOCIAL SECURITY APPEAL |

      This matter is before the court on claimant's request for judicial review of an unfavorable decision of the Acting Commissioner of the Social Security Administration regarding claimant's application for Social Security Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit. ECF Nos. 10, 14. At a hearing on March 22, 2019, the court heard argument from the parties. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, and having considered arguments raised at the hearing, we will deny claimant's appeal.

      Claimant suffers from schizoaffective disorder as well as back problems and obesity. He argues that the court should remand his case because the Administrative Law Judge's ("ALJ") decision at step two of the sequential disability evaluation process was not supported by substantial evidence. His challenge is limited to step two. We review the ALJ's decision to determine whether it was (1) supported by substantial evidence and (2) free of reversible legal

error. The substantial evidence standard is a permissive one: Although we require there to be more than a scintilla of evidence supporting the ALJ's decision, we do not require that a preponderance of the evidence support it. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, we will uphold the ALJ's decision. The plaintiff bears the burden of proof at step two of the sequential disability evaluation process.

At step two, the ALJ found that claimant suffered from severe *physical* impairments—two back problems and obesity—but found that claimant's *mental* impairments were not severe. Claimant argues that his mental impairments are disabling and that the ALJ's determination of non-severity lacked support in substantial evidence. Specifically, he argues (1) that the GAF scores relied on in part by the ALJ do not constitute substantial evidence, (2) that the ALJ erred in evaluating Ramos's impairments in the four functional areas established by the "Paragraph B" criteria, and (3) that the ALJ failed to make the required findings in disregarding certain portions of the opinions of two consulting doctors.

Step two of the disability evaluation process "is a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (internal quotation omitted). "An impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* at 686 (internal quotation omitted). Claimant argues that the step two screen sets such a low bar that it should not have blocked his mental impairments from consideration.

We agree with claimant on this point. The record, viewed as a whole, does not provide substantial evidence supporting the conclusion that claimant's mental impairments are nothing more than "slight abnormalit[ies]" or that his claims of mental impairments are "groundless." On the contrary, as the ALJ states, claimant reported symptoms of "depression, visual hallucinations, anxiety and paranoia," and an examining doctor found him to have an "euthymic mood with a constricted effect," as well as limited insight and judgment. AR 30. Claimant also appears to have given up a job at a printer due to an inability to handle the mental strain of the position; this

2

may constitute an episode of decompensation that should have been considered under the fourth "Paragraph B" criterion. *See* AR 456, 474; AR 31 (ALJ's analysis of fourth Paragraph B criterion).

Error at step two, however, is not necessarily fatal. When an ALJ finds at least one severe impairment and proceeds with the disability-evaluation process, the ALJ can render an error at step two harmless if the ALJ takes the relevant impairments into account in the rest of his or her analysis. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Such was the case here. Even though the ALJ found claimant's mental impairments to be non-severe, the ALJ did not end his consideration of claimant's mental impairments at step two, but rather carried his analysis of claimant's mental limitations forward, taking these limitations into account when determining claimant's residual functional capacity. *See* AR 32-33, 35-37. The ALJ's characterization of claimant's mental impairments as non-severe at step two is therefore not reversible error.[1]

In sum, having reviewed the record, administrative transcript, briefs of the parties, and applicable law, we find that the ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. For the foregoing reasons and those stated on the record following oral argument, claimant's request for remand is denied.

**Order**

Accordingly, we deny claimant's appeal from the administrative decision of the Acting Commissioner of Social Security. The clerk of court is directed to enter judgment in favor of defendant Nancy Berryhill, the Acting Commissioner of Social Security, and against claimant

---

[1] Claimant's case is not a simple one. Claimant killed his father, for which he was convicted of manslaughter and served significant time, and, as noted by the ALJ, he has a history of "prolific substance abuse," including abuse of methamphetamine, "street pills," PCP, LSD, cocaine, marijuana and alcohol. AR 35. We have some concerns that claimant's admittedly imperfect personal history may have unduly impacted proceedings below. In particular, the transcript of the hearing before the ALJ suggests that the hearing may have deviated somewhat from the expected, non-adversarial format. *See* AR 49-53. Claimant has not, however, alleged bias or otherwise challenged the conduct of his hearing, and he has waived the right to do so. *Cf. Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) (considering a claim of bias where claimant's representative alleged bias at the hearing before the ALJ, and claimant maintained his due process challenge through appeal).

Jimmy Darryl Ramos.  The clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated:   March 27, 2019                              /s/ Jeremy Peterson
                                                    UNITED STATES MAGISTRATE JUDGE

No. 200.